```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CRAIG R. OSER, D.O.,

        Plaintiff,

v.                                       Civil Action No. 5:17CV68
                                                              (STAMP)
WEIRTON MEDICAL CENTER, INC.,

        Defendant.
```

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEY'S FEES

### I. Procedural History

The plaintiff commenced this civil action by filing a complaint in the Circuit Court of Brooke County, West Virginia, alleging that the defendant breached its employment agreement with the plaintiff by terminating him without the 120 days notice required under the employment agreement, by unilaterally cancelling his medical professional liability insurance, and by failing to market him as required under the Employment Agreement. Specifically, the plaintiff's amended complaint sets forth five causes of action against the defendant: (1) declaratory judgment pursuant to West Virginia Code § 55-13-1; (2) breach of contract; (3) violation of the West Virginia Wage Payment and Collection Act; (4) tort of outrage; and (5) tortious interference and defamation.

The defendant removed the case to this Court on the basis of federal question jurisdiction. In its notice of removal, the defendant contends that this case involves one or more questions of

federal law. Specifically, the defendant argues that the plaintiff's claims for the tort of outrage and tortious interference contain embedded federal law claims for a violation of the Health Insurance Portability and Accountability Act of 1977 ("HIPAA") and that the plaintiff's tortious interference and defamation claims implicate Section 1877 of the Social Security Act, 42 U.S.C. § 1395nn (the "Stark Law"). The Stark Law prohibits physicians from referring a patient to an entity with which the referring physician has a financial relationship, unless a statutory or regulatory exception is met.

The plaintiff filed a motion to remand, arguing that this case does not raise a substantial federal issue. The defendant filed a timely response to the motion to remand, to which the plaintiff replied. The motion to remand is currently pending before this Court and is ripe for review. For the reasons set forth below, this Court finds that the plaintiff's motion to remand must be granted.

## II. Facts[1]

The plaintiff was employed by the defendant subject to the terms of an employment agreement dated January 31, 2012. Pursuant to the employment agreement, the plaintiff was employed to provide plastic and reconstructive surgery services at the defendant's

---

[1] For purposes of deciding this motion to remand, this Court considers, for the most part, the facts as presented in the plaintiff's amended complaint.

acute care hospital. The employment agreement expressly excluded the plaintiff's private cosmetic practice and his surgical practice in Pennsylvania. The defendant received no revenue arising from the plaintiff's private cosmetic practice and was responsible only for the payment of practice expenses related to the direct employment of the plaintiff in the reconstructive surgery practice performed at the defendant's facilities. The initial term of the employment agreement expired on February 1, 2014, but was extended to allow the parties time to negotiate a new employment contract. The parties ceased negotiations on or before September 30, 2014, at which point the employment agreement expired.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal

court must remand. Id. State law complaints usually must stay in state court when they assert what appear to be state law claims. See Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004). Further, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey v. Alabama Power Co., 483 F.3d 1184, 1213-15 (11th Cir. 2007) (stating that in assessing whether removal was proper, the district court has before it only the limited universe of evidence available when the motion to remand is filed); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal.").

## IV. Discussion

In support of his motion to remand, the plaintiff contends that remand is proper because there is no diversity and no federal question presented on the face of the plaintiff's amended complaint. The plaintiff states that his well-pled amended complaint does not allege a HIPAA violation as a cause of action as the defendant asserts in its notice of removal. The plaintiff contends that HIPAA cannot apply because it protects a patient's privacy and no patient is a party to this action. Rather, the plaintiff argues that he references HIPAA in his amended complaint only as factual evidence of the plaintiff's state law claim of the tort of outrage. Specifically, the plaintiff alleges that the

4

defendant viewed the plaintiff's private patient files without proper HIPAA authorization.

Additionally, the plaintiff contends that he does not allege a Stark Law violation as a cause of action against the defendant as claimed by the defendant in its notice of removal. The plaintiff argues that, in his state-law-based tortious interference claim, he alleges only that agents of the defendant falsely represented to the plaintiff's current employer, Trinity Health System, the facts surrounding the plaintiff's termination from the defendant and falsely represented to Trinity Health System that their employment of the plaintiff violated the Stark Law. The plaintiff asserts that this is not a separate cause of action; rather, it is merely evidence of his tortious interference claim involving his current employer. The plaintiff further states that he never referenced the Stark Law in his state-law-based defamation claim, as the defendant asserts.

Lastly, the plaintiff also notes that the Employment Agreement, which was prepared by the defendant, provides that "Brooke County shall be the sole, proper venue for any litigation, proceedings or special proceedings between the parties which arises out of or is in connection with any rights, duty or obligation under this Agreement." The plaintiff seeks an award of costs and expenses, including attorney's fees, for his motion to remand.

5

In response, the defendant argues that its right to removal is unaffected by the forum selection clause in the Employment Agreement because the clause is "plainly geographic" as it contains only a reference to a location and no reference to a specific court or court system. The defendant also contends that the plaintiff's claim for fees and costs should be denied because, even if this Court remands the civil action, the defendant had an objectively reasonably basis for removal on the grounds of federal question jurisdiction.

Substantively, the defendant argues that, to prove the tort of outrage, tortious interference, and defamation claims, the plaintiff will necessarily have to establish (1) that the Employment Agreement did not violate the Stark Law, and, therefore, the defendant's alleged statements that it did were false; and (2) that the defendant violated HIPAA in reviewing the plaintiff's patient files. The defendant contends that the Employment Agreement violated the Stark Law because the plaintiff received private incurment by utilizing the defendant's facilities for his private cosmetic practice without giving fair market value. The defendant points out that the plaintiff disagrees with this application of the Stark Law, and, thus, argues that the dispute is a pure issue of federal law.

The defendant then contends that the plaintiff's tort claims related to the alleged HIPAA violations also raise substantial

issues of federal law because, while the plaintiff alleges the defendant violated HIPAA, the defendant maintains that it did not because it was permitted under HIPAA to review the plaintiff's patient files as such alleged use was intended for treatment, payment, and/or health care operations activities by the defendant.

The plaintiff argues in reply that the defendant's response never cites the actual language of the plaintiff's amended complaint, but rather asserts its own interpretation of the cited paragraphs of the amended complaint. The plaintiff reasserts his argument that the amended complaint, on its face, does not present a federal question. Furthermore, the plaintiff contends that the arguments raised in the defendant's response are not based on the language of the amended complaint, but rather are based on language relevant to its defenses to the amended complaint

The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that a federal question must be presented on the face of the plaintiff's properly pleaded complaint. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Hunter Douglas, Inc. v. Sheet Metal Workers Int'l Assoc., Local 159, 714 F.2d 342, 345 (4th Cir. 1983). Only those cases "in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends upon resolution of a substantial question of federal law" are subject to removal.

Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983).

In this case, the defendant attempts to rely on the Grable doctrine to justify removal. In Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005), the Supreme Court considered "another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction, . . . having recognized . . . that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Id. at 312. The Supreme Court in Grable established the test for determining whether a "substantial question of federal law" sufficient to warrant removal exists:

> The question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

Id. at 314. However, merely alleging a "federal issue" does not operate "as a password opening federal courts to any state action embracing a point of federal law." Id.; see Empire Healthchoice Assurance, Inc., v. McVeigh, 547 U.S. 677, 704 (2006) ("Few cases can be squeezed into the slim category Grable exemplifies.").

This Court finds that the plain language on the face of the plaintiff's amended complaint does not present a substantial federal question and that the defendant has failed to demonstrate that the three prongs of the Grable test have been met. Although

the plaintiff's amended complaint mentions HIPAA and the Stark Law, this Court is not persuaded that there is an "actually disputed and substantial" federal issue included in the amended complaint. None of the state law claims require resolution of the HIPAA or Stark Law issues. As the plaintiff points out, HIPAA and the Stark Law appear in the amended complaint only as evidence in support of the state law claims. Under Grable, the mere presence of a federal law or regulation does not convert the state law claims into a federal question.

The causes of action alleged by the plaintiff are (1) declaratory judgment pursuant to West Virginia Code § 55-13-1; (2) breach of contract; (3) violation of the West Virginia Wage Payment and Collection Act; (4) tort of outrage; and (5) tortious interference and defamation. These are all state law causes of action, none of which require the resolution of a federal question. Counts I and III arise specifically under the West Virginia Code. Counts II, IV, and V also arise under West Virginia law.

A plaintiff can establish a claim for breach of contract under West Virginia law by showing "proof of the formation of a contract, a breach of terms of that contract, and resulting damages." Sneberger v. Morrison, 776 S.E.2d 156, 171 (W. Va. 2015). "Intentional or reckless infliction of emotional distress, also called the 'tort of outrage,' is recognized in West Virginia as a separate cause of action." Travis v. Alcon Labs., Inc., 504 S.E.2d

419, 424 (W. Va. 1998). It is also settled law in West Virginia that, to establish a claim of tortious interference, a plaintiff must prove the following elements: "(1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." Torbett v. Wheeling Dollar Savs. & Trust Co., 314 S.E.2d 166, 173 (W. Va. 1983). Additionally, the elements to prove a defamation action are well-settled under West Virginia law. See Serian v. Penguin Group (USA), Inc., No. 1:08CV74, 2009 WL 2225412, at *6 (N.D. W. Va. July 23, 2009).

Furthermore, "HIPAA does not provide an express or implied right of action to individuals." Carte v. United States, No. CIV.A. 2:07-0515, 2010 WL 3259420, at *8 (S.D. W. Va. Aug. 18, 2010); see also Segan v. Buchanan General Hosp., Inc., 552 F. Supp. 2d 579, 584 (W.D. Va. 2007) ("[I]t is clear that a private right of action does not exist based upon HIPAA violations."). Thus, no federal cause of action exists under HIPAA even where "[t]he plain language of [a] [c]omplaint shows that [the] plaintiff attempted to raise a federal cause of action" because "HIPAA does not provide a federal cause of action." Fields v. Charleston Hosp., Inc., No. CIV.A. 2:06-0492, 2006 WL 2371277, at *5 (S.D. W. Va. Aug. 15, 2006). Rather, "only the Secretary of Health and Human Services or

10

other authorized state agencies may bring forth a HIPAA enforcement action." Id.

Additionally, a district court has remanded a civil action to the state court where "[t]he alleged violation of HIPAA was referenced only as an element of the petition's state law negligence and privacy causes of action." Bigelow v. Sherlock, No. CIV.A. 04-2785, 2005 WL 283359, at *3 (E.D. La. Feb. 4, 2005); see also McKnight v. Surgical Assocs. of Myrtle Beach LLC, No. 4:11-CV-02782-RBH, 2011 WL 5869800, at *4 (D.S.C. Nov. 18, 2011) (remanding the civil action to state court where an alleged HIPAA violation was merely a federal element in the plaintiff's state law claim and "not enough to open the 'arising under' door").  In the present case, the alleged HIPAA violation is similarly referenced only as an element of the asserted tort claims and, thus, is not enough to create a federal cause of action.

The Stark Law also "does not have a private right of action." United States ex rel. Rector v. Bon Secours Richmond Health Corp., No. 3:11-CV-38, 2014 WL 1493568, at *14 (E.D. Va. Apr. 14, 2014). Furthermore, a district court has granted a motion to remand on the basis of no federal question jurisdiction where the "[p]laintiff's complaint [did] not call into question the proper interpretation of the Stark Law or the FCA, but rather concern[ed] the reasonableness of [the] [d]efendant's advice regarding the part-time employment contract vis-a-vis federal law." Tuomey v. Nexsen Pruet, LLC, No.

11

CV 3:16-2806-MBS, 2017 WL 1190871, at *4 (D.S.C. Mar. 31, 2017). In that case, it was established that the "[employment] agreements violated federal law," but the Court nonetheless found "that resolution of a Stark Law or FCA question [was] not 'necessarily raised' or 'actually disputed'" as to the adjudication of the state law professional malpractice claim asserted in the complaint. Id. Similarly, the present case does not call into question the proper interpretation of the Stark Law, and the resolution of a Stark Law question is not necessarily raised by means of any asserted tort claim.

Accordingly, there is no federal cause of action and this Court does not have jurisdiction over this civil action. Thus, the Court will not consider the plaintiff's argument that the venue clause in the employment agreement requires the case to be litigated in state court regardless of the presence of a federal question. Lastly, the Court denies the plaintiff's request for costs and expenses, including attorney's fees, because the defendant did state an objectively reasonable basis for removal on the basis of federal question jurisdiction. See Martin v. Franklin Capital Corp., 546 U.S. 132, 132 (2005) ("[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.").

V. Conclusion

For the reasons stated above, the plaintiff's motion to remand (ECF No. 5) is GRANTED and the plaintiff's request for attorney's fees and costs is DENIED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Brooke County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Brooke County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 10, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE